IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN P. McCALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:25-cv-161 |
| ) | Judge Stephanie L. Haines |
| KURT WOLFORD, WARDEN CAMBRIA ) | Magistrate Judge Keith A. Pesto |
| COUNTY PRISON, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

Presently before the Court is a Petition for Habeas Corpus filed under 28 U.S.C. § 2241 by *pro se* Petitioner Shawn P. McCall ("Petitioner") (ECF No. 10) on August 22, 2025. Petitioner asserted that he is being detained unlawfully at Cambria County Prison. ECF No. 10, p. 2. He further states there is no evidence for the charges brought against him and all charges should be dropped and he should be released. ECF No. 10, p. 7. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. On August 22, 2025, Judge Pesto issued a Report and Recommendation (ECF No. 11) finding that the Petition should be denied without a certificate of appealability. ECF No. 11, p. 1. Plaintiff was advised he had fourteen days to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed and the time to do so has expired.[1]

A.  **Standard of Review**

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

---

[1] Judge Pesto's Report and Recommendation mailed to Petitioner was returned to the Clerk's office marked "Return to Sender: Not at This Address" on September 2, 2025. ECF No. 12.

1

not entitled to relief in the district court." *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom. Rosario v. Philadelphia Cnty.*, No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel*, No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013)).

The Advisory Committee Notes to this rule similarly recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Santiago Rosario*, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020); *see also Ogunlana v. Barraza*, No. 4:22-CV-01854, 2022 WL 17814213, at *1 (M.D. Pa. Dec. 14, 2022) ("28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions"); *id.* ("§ 2254 Rule 4 (requiring courts to screen habeas petitions and, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner'").

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening. *See, e.g., Shaw v. Wynder*, No. Civ.A. 08–1863, 2008 WL 3887642 (E.D. Pa. Aug. 21, 2008) (dismissing petition without requiring response where

claim frivolous); *Craig v. Rozum,* No. Civ.A. 07–5490, 2008 WL 920346 (E.D. Pa. Apr. 2, 2008) (same); *Watson v. Wynder,* No. 2:07-cv-4066, (E.D. Pa. Nov. 27, 2007) (same); *PorteYanes v. Lore,* No. CIV 4:CV–07–1525, 2007 WL 2852385 (M.D. Pa. Sep. 27, 2007) (applying Rule 4 to § 2241 petition). *See also Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140–41 (6th Cir.1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."). *Alexander v. Corbin,* No. CIV.A. 11-2727, 2011 WL 5340568, at *1 (E.D. Pa. Sept. 28, 2011), *report and recommendation* adopted, No. 11-CV-2727, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011); *see also, Tice v. Wilson,* No. 1:24-CV-46-RAL, 2024 WL 1771054, at *1 (W.D. Pa. Feb. 29, 2024), *report and recommendation rejected on other grounds,* No. 1:24-CV-46, 2024 WL 1550331 (W.D. Pa. Apr. 10, 2024).

### B. <u>Discussion</u>

Petitioner's Petition is not entitled to relief in Federal Court. When making his claim for release Petitioner referred to his state case *Commonwealth v. McCall*, MJ-47305-CR-0000207-2023 as the basis for his unlawful detention. ECF No. 10, pp. 2, 7. Judge Pesto cited three additional cases listed on Petitioner's criminal state record, *Commonwealth v. McCall*, CP-11-CR-69-2024, *Commonwealth v. McCall*, CP-11-CR-366-2025, *Commonwealth v. McCall*, CP-11-CR-536-2025. ECF No. 11, p. 2. It is not incumbent upon the Court to determine which cases are at issue because all four cases have a status of "closed" in Cambria County.[2] While the status in Cambria County does not necessarily mean that the case has been fully adjudicated, it is

---

[2] https://ujsportal.pacourts.us/CaseSearch as of November 10, 2025.

particularly noteworthy for our purposes that Petitioner posted bail and was released from Cambria County Prison on August 18, 2025. Given that Petitioner is no longer detained, his Petition for Writ of Habeas Corpus requesting release from Cambria County Prison is moot.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id*. at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's release on bail, there is no remedy that the Court can provide as it pertains to Petitioner's alleged "illegal detention." Therefore, the Petition on this count is moot.

As to Petitioner's request for relief from this Court to "[d]ismiss all charges against me on this Docket Number cr 0000207-2023 and release me from Cambria County Prison," ECF No. 10, p. 7, Judge Pesto adds that according to public record it is evident that Petitioner has not completed proceedings at the trial court level in his cases and, thus, has not exhausted his remedies to assert any possible federal court claim. ECF No. 11, p. 2. Based on these findings, the Court must dismiss the Petition without prejudice.

Accordingly, the following order is entered:

Upon review of the record and the Report and Recommendation (ECF No. 11) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined that the Petitioner is not entitled to relief.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 26th day of November, 2025, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 10) hereby is DISMISSED WITHOUT PREJUDICE; and,

IT FURTHER IS ORDERED that a certificate of appealability is DENIED as Petitioner has failed to make a substantial showing of the denial of a constitutional right or to show that reasonable jurists would find the Court's assessment of his constitutional claim debatable or wrong. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 11) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge